**Lidia MNATSAKANOVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72527.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Filed April 19, 2006.

Lidia Mnatsakanova, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Emily A. Radford, Esq., Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Karen G. Gregory, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: SILVERMAN, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Lidia Mnatsakanova, a native of the former Soviet Union and a putative citizen of Azerbaijan, petitions for review of the order of the Board of Immigration Appeals

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

("BIA") granting her motion to reopen, and concluding that the immigration judge ("IJ") properly denied her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We grant the petition for review.

An application for asylum must be denied if the alien has firmly resettled in another country. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). An alien is not "firmly resettled" if the "conditions of ... her residence in that country were so substantially and consciously restricted by the authority of the country of refuge that ... she was not in fact resettled." 8 C.F.R. § 1208.15(b). Mnatsakanova's uncontradicted testimony described widespread harassment in Georgia, as well as a restrictive and discriminatory system of "registration." *See Andriasian*, 180 F.3d at 1043–47 (holding that an ethnic Armenian from Azerbaijan had not firmly resettled in Armenia because he was harassed and threatened, and accused of being loyal to the Azerbaijanis). Substantial evidence therefore does not support the BIA's conclusion that Mnatsakanova's Georgian travel document establishes firm resettlement.

We remand for further proceedings because the BIA decision under review did not reach the merits of Mnatsakanova's asylum, withholding and CAT claims with respect to Azerbaijan. In addition, it is unclear whether Mnatsakanova was given sufficient opportunity to apply for asylum or withholding with respect to Georgia once it became clear that the hearing before the IJ would focus on her time in Georgia. *See Andriasian*, 180 F.3d at 1041 (raising due process concerns where country of firm resettlement is designated as alternative in removal order).

**PETITION FOR REVIEW GRANTED; REMANDED.**